JOHN G. TUKEY *et al. vs.* ROBERT GERRY, JR.

*Account annexed—note as an item.    Demurrer—cannot be filed after general issue.*

The plaintiffs having an account and also a protested draft against the defendant sued him for both, declaring only in a count upon an account annexed, which stated the items of merchandise and the date, amount and terms of the draft; *held,* sufficient upon the general issue, under R. S., c. 82, § 9.

They entered their suit at the November term, 1872, of the superior court, and within fourteen days after the entry—the time within which the rules require pleadings to be filed—the general issue was pleaded in defence. When the cause came on for trial, at the December term, 1872, of that court, the defendant filed a demurrer to the declaration which the plaintiffs refused to join, and it was rejected by the court, as not seasonably filed. This ruling was correct.

ON EXCEPTIONS.

The plaintiffs sold the defendant goods from time to time, for part of which they held his draft on A. S. Greeley for $275, dated August 3, 1872, payable on sixty days to his own order and by him indorsed. It was dishonored and protested. The plaintiffs then brought this action in the superior court declaring only upon an account annexed, that account consisting of seven items of merchandise, this draft, giving its amount, date and terms, and interest, charges of protest and statute damages. The writ was entered at the November term of that court, by the statutes creating which the defendant's pleadings are to be filed within fourteen days. Within this time the general issue was pleaded. At the next term, the cause came on for trial, when the defendant offered a demurrer, which the judge rejected as coming too late, the plaintiff refusing to join it and joining the general issue. When the draft was offered, the defendant objected to its reception, but it was admitted, and judgment given for the amount of the plaintiffs' claims. The defendant excepted.

*Deane & Verrill,* for the defendant.

*W. L. Putnam,* for the plaintiffs.

BARROWS, J.   The plaintiffs having a bill for merchandise against the defendant, and being also the holders of an overdue and protested draft drawn by him on one Greeley, added two or three undated items to their account, charging the amount of the draft with a brief description of it, the interest accrued, and the cost of protest, and the statute damages, and sued out a writ from the superior court declaring for their whole claim (thus indicated), in a single count upon an account annexed.   We do not design to commend any such loose and hasty mode of declaring upon negotiable paper, but we think the laches of the plaintiffs has been cured by that of the defendant, who was required by the statute creating that court to file his pleadings within fourteen days after the entry of the action, upon pain of being defaulted on the first day of the next term, unless the court, for good cause, should grant him leave to file a plea, or should otherwise lawfully dispose of the action.   Public laws of 1868, c. 151, § 6.   Here, the defendant pleaded the general issue within fourteen days after entry, and at the second term proposed to put in a general demurrer to the declaration, which the court rejected as not seasonably filed.   At the trial on the general issue, the defendant objected to the reception in evidence of the draft above referred to, which appears to correspond with the charge in that item of the account, so far as it is therein described.   The defendant had endorsed it in blank, and it was duly protested and notice was given.

The court overruled the objection to its admission, and to this, and to the rejection of his demurrer, the defendant excepts.   He claims the right to file the demurrer under R. S., c. 82, § 19. But the general provision there found, even if it were applicable in this case would not be suffered to control the specific clauses in the public laws of 1868, c. 151, § 6, designed to facilitate the prompt administration of justice in the county of Cumberland; and not in any manner changed or affected by the revision of 1871. But those clauses are not in any manner repugnant to R. S., c. 82, § 19.   They serve only to limit the time within which a demurrer to the declaration or other pleadings of the defendant may

be filed in the superior court except on leave granted, for good cause, by the judge. That section (R. S., c. 82, § 19,) does not contemplate the filing of a demurrer to the declaration "at any stage of the pleadings;" but only that either party may, within the time allowed by law and the rules of the court, where the process is pending, thus test the sufficiency of his adversary's next previous pleadings, and the demurrer shall always be joined, and neither party allowed to retract, except upon special leave granted within a time fixed after the final decision on the demurrer, and upon payment of cost.

No reasonable construction of R. S., c. 82, § 19, will conflict in any manner with the plain mandates of Public Laws of 1868, c. 151, § 6.

The ruling that the demurrer came too late was correct. The question before the court then was :—"Did the defendant promise?" not,—"Is the plaintiff's declaration technically correct?" Lord C. J. Holt is reported (2 Str., 933) as saying "that he was a bold man who first ventured on these general counts in assumpsit." This is the furthest venture in that line that has fallen under our notice.

In view, however, of R. S., c. 82, § 9, which prohibits the abatement, arrest or reversal of any civil process or proceeding for want of form only when the person and case can be rightly understood, and in view of the fact that there was in the account stated a sufficient description of this draft to identify it and to exhibit the ground on which the plaintiffs claimed to recover it, we think the judge of the superior court was justified in receiving the draft in evidence under this plea of the general issue, and, upon finding all the facts necessary to entitle the plaintiffs to recover on it, in rendering judgment for the amount as an item proved in the account. *Exceptions overruled.*

Appleton, C. J., Walton, Dickerson, Danforth and Virgin, JJ., concurred.